IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Kenneth Huston,

    Plaintiff,

  v.                            Case No. 2:06-cv-552

Mittal Steel USA,

    Defendant.

OPINION AND ORDER

    This is an employment discrimination action filed by plaintiff Kenneth Huston against defendant Mittal Steel USA. Plaintiff filed his complaint in the Court of Common Pleas of Franklin County, Ohio, on May 23, 2006. The action was removed to this court on July 3, 2006. In Count I of the complaint, plaintiff asserts a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626, et seq. In Count II, plaintiff asserts a claim for age discrimination under Ohio Rev. Code §4112.02(A) and (N). Count III asserts a claim of breach of implied contract under Ohio law. Count IV is a claim for promissory estoppel under Ohio law. Count V is a claim for intentional infliction of emotional distress under Ohio law. Count VI (mislabeled as "Count V") is a claim for constructive discharge.

    This matter is before the court on the defendant's motion pursuant to Fed.R.Civ.P. 12(c) for partial judgment on the pleadings. Specifically, defendant moves for judgment on the pleadings on Counts II, IV and VI of the complaint. The court notes that plaintiff has not responded to this motion.

    Courts apply the same analysis to motions for judgment on the pleadings under Rule 12(c) as they apply to motions to dismiss

under Fed.R.Civ.P. 12(b)(6). E.E.O.C. v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 2001). Judgment may be granted under Rule 12(c) if the court determines that the moving party is entitled to judgment as a matter of law. Astor v. International Bus. Machs. Corp., 7 F.3d 533, 538 (6th Cir. 1993).

A motion for judgment on the pleadings under Rule 12(c) may be granted only if, construing the complaint in the light most favorable to the plaintiff, it is determined that the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory. Weiner v. Klais and Co., Inc., 108 F.3d 86, 88 (6th Cir. 1997). In reviewing the motion, this court must accept all of the complaint's factual allegations as true. Ziegler v. IBP Hog Market, Inc., 249 F.3d 509, 511-512 (6th Cir. 2001).

In considering a motion for judgment on the pleadings, the court considers the pleadings alone, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed.R.Civ.P. 12(c); Fed.R.Civ.P. 7(a) (defining "pleadings" to include both the complaint and the answer); Housing Authority Risk Retention Group, Inc. v. Chicago Housing Auth., 378 F.3d 596, 600 (7th Cir. 2004). The complaint is deemed to include any written instrument attached to it as an exhibit, see Fed.R.Civ.P. 10(c), materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint. Sira v. Morton, 380 F.3d 57, 67 (2d

2

Cir. 2004). Documents attached to the answer may be considered if they are referred to in plaintiff's complaint and are central to plaintiff's claims. See Horsley v. Feldt, 304 F.3d 1125, 1133-1135 (11th Cir. 2002); Weiner, 108 F.3d at 89 (applying rule to motion to dismiss under Fed.R.Civ.P. 12(b)(6)). The court may also consider materials in addition to the pleadings if such materials are public records or are otherwise appropriate for the taking of judicial notice. New England Health Care Employees Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003)(stating analogous rule applicable to Rule 12(b)(6) motions).

In this case, defendant relies on the complaint, the answer, and the exhibits to the answer. These include Answer Ex. A, plaintiff's charge of discrimination filed with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"), referred to in ¶ 5 of the complaint, Answer Ex. B, a document issued by the Ohio Civil Rights Commission granting plaintiff's request to withdraw his charge, and Answer Ex. C, the right to sue letter issued by the EEOC, also referred to in ¶ 5 of the complaint. These documents are central to plaintiff's claim, and are also government agency public records of which this court may take judicial notice.

Defendant first moves for judgment on the pleadings on plaintiff's claim under Ohio Rev. Code § 4112.02(N), arguing that this claim is barred under Ohio's waiver provision. Under Ohio Rev. Code §4112.08, an employee who files a charge of discrimination under Ohio Rev. Code §4112.05(B)(1), the administrative remedy provision of Ohio Rev. Code Chapter 4112, is barred from instituting a civil action under §4112.02(N).

3

Since Ohio is a deferral state, that is, a state which has an administrative procedure for resolving age discrimination complaints, the ADEA requires the employee to first commence a state administrative action before filing a complaint in district court. Baker v. Siemens Energy & Automation, Inc., 838 F.Supp. 1227, 1229 (S.D.Ohio 1993). In light of this mandatory filing requirement, some courts have permitted plaintiffs to avoid the bar in §4112.08 if the employee indicated that the filing with the OCRC was for ADEA purposes only. See Senter v. Hillside Acres Nursing Center of Willard, Inc., 335 F.Supp.2d 836, 848 (N.D.Ohio 2004)(noting exception where employee expressly indicates in the OCRC charge that the filing is being made for purpose of perfecting ADEA claim and that employee does not seek an investigation by the OCRC); Borowski v. State Chem. Mfg. Co., 97 Ohio App.3d 635, 647 N.E.2d 230 (1994)(finding that bar was inapplicable where employee gave signed letter and charge to the OCRC stating that he was filing only to perfect ADEA claim); Pitts v. Dayton Power and Light Co., 748 F.Supp. 527 (S.D.Ohio 1989)(plaintiff could preserve state law action by indicating in writing that claim being submitted to the OCRC was for protective purposes only). However, this reservation of rights must be filed contemporaneously with the charge. Senter, 335 F.Supp.2d at 851 (claim barred where plaintiff did not indicate in charge that she was filing only to perfect ADEA claim); Uscilowski v. MCL Cafeterias, Inc., No. C2-00-146, 2001 WL 242584 (S.D.Ohio Feb. 7, 2001)(affidavit made after filing of OCRC charge not sufficient to avoid bar).

In this case, there is no written statement in the actual charge filed with the OCRC dated October 6, 2005, indicating that

4

the charge was being filed for ADEA purposes only. The pleadings and attached exhibits are devoid of any indication that plaintiff preserved his rights in a separate writing filed along with his OCRC charge, and plaintiff has not otherwise indicated that any such writing exists.

The letter from the OCRC dated October 27, 2005, stated that plaintiff executed a Request for Withdrawal of Charge Form because "he is requesting a right to sue letter from the Equal Employment Opportunity Commission and pursuing this matter in federal court. Therefore, he no longer wishes to pursue this matter through the Ohio Civil Rights Commission or the Equal Employment Opportunity Commission." Answer, Ex. B. However, the bar in §4112.08 arises upon "filing a charge" under §4112.05(B)(1). §4112.08. Under the language of the statute, the mere act of filing a charge with the OCRC bars a later civil action under Ohio law regardless of whether the administrative complaint is subsequently abandoned or withdrawn. Vinson v. Diamond Triumph Auto Glass, 149 Ohio App.3d 605, 610, 778 N.E.2d 149 (2002).

Even if plaintiff has evidence yet to be produced which could establish that his §4112.02(N) claim is not barred under §4112.08, defendant also argues that this claim is barred by the statute of limitations. Judgment on the pleadings may be awarded under Rule 12(c) where a limitations defense is raised as a bar, and where it is apparent from the face of the complaint that the suit is time-barred. Phelps v. McClellan, 30 F.3d 658, 662 (6th Cir. 1994). The statute of limitations applicable to a claim under §4112.02(N) is 180 days. §4112.02(N); Bellian v. Bicron Corp., 69 Ohio St.3d 517, 634 N.E.2d 608 (1994). The complaint alleges that plaintiff

5

resigned his employment on April 15, 2005.  Complaint, ¶ 14.  He did not file his complaint until May 23, 2006, over a year later.  The face of the complaint demonstrates that plaintiff's claim under §4112.02(N) is barred by the applicable statute of limitations, and defendant is entitled to judgment on the pleadings on Count II.

Defendant also moves for judgment on the pleadings on plaintiff's claim of promissory estoppel, arguing that the complaint fails to allege a promissory estoppel claim.  Promissory estoppel is an equitable doctrine for preventing the harm resulting from reasonable reliance upon false representations.  Karnes v. Doctors Hosp., 51 Ohio St.3d 139, 142, 555 N.E.2d 280 (1990).  The elements necessary to establish a claim for promissory estoppel are: (1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party claiming estoppel must be injured by the reliance.  Stull v. Combustion Engineering, Inc., 72 Ohio App.3d 553, 557, 595 N.E.2d 504 (1991).  A "promise" is "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made."  Id., 72 Ohio App.3d at 557.  Under the doctrine of promissory estoppel, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.  Mcroskey v. State, 8 Ohio St.3d 29, 30, 456 N.E.2d 1204 (1983).

Plaintiff's complaint is completely devoid of any allegations of the existence of a promise made by the defendant, any reliance

6

on plaintiff's part, or any injury resulting from any reliance by the plaintiff.  Plaintiff's complaint fails to state a claim for promissory estoppel under Ohio law, and defendant is entitled to judgment on the pleadings on that claim.

Defendant also moves for judgment on the pleadings on plaintiff's claim of constructive discharge.  Defendant argues that constructive discharge cannot constitute a separate claim.  Courts have held that constructive discharge is not itself a cause of action, but rather a means of proving the element of an adverse employment action where the employee quits instead of being fired. See Wells v. City of Alexandria, No. 03-30750, 2004 WL 909735 at *3 (5th Cir. April 29, 2004); Starks v. New Par, No. 98-1300, 1999 WL 357757 at *5 (6th Cir. May 11, 1999).  The constructive discharge theory permits an employee to recover post-separation damages, such as lost wages, which would otherwise not be recoverable since the employee resigned rather than being terminated.  Constructive discharge is not an independent claim, but rather requires an underlying cause of action for employment discrimination.  Kroll v. Disney Store, 899 F.Supp. 344, 347 (E.D.Mich. 1995).  In addition, there must be proof of other "aggravating factors."  Yates v. Avco Corp., 819 F.2d 630, 637 (6th Cir. 1987).  The court must also inquire into the employer's intent and the reasonably foreseeable impact of its conduct on the employee.  Id.  Thus, the Sixth Circuit has stated that a plaintiff's "incantation of the words 'constructive discharge,' of course, is not sufficient to establish a cause of action because, absent explicit contractual provisions to the contrary, an employer may explicitly discharge any employee at will."  Trepka v. Board of Educ. of Cleveland City School Dist.,

7

No. 00-4063, 28 Fed.Appx. 455, 462 (6th Cir. Jan. 24, 2002).

Plaintiff's constructive discharge claim is improperly characterized as an independent claim in the complaint.  However, the allegations in the complaint, construed in favor of the plaintiff, are sufficient to allege constructive discharge as a theory of recovery incident to his ADEA claim.  Thus, defendant's motion for judgment on the pleadings is granted to the extent that plaintiff seeks to plead constructive discharge as a distinct claim separate from his ADEA discrimination claim.  However, plaintiff will be permitted to proceed on a constructive discharge theory as part of his ADEA claim.

In accordance with the foregoing, defendant's motion for judgment on the pleadings on Counts II, IV and VI of the complaint is granted.

Date: September 20, 2006            　   s\James L. Graham            
                                    James L. Graham
                                    United States District Judge